E-FILED
Wednesday, 23 May, 2007   05:24:00 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES DEWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:07-cv-3003 |
| | ) |
| JOHN E. POTTER, | ) |
| POSTMASTER GENERAL, | ) |
| | ) |
| Defendant. | ) |

**RESPONSE TO DIRECTION TO SHOW CAUSE**

Now comes Plaintiff, James Dewell, by his attorney, Anthony B. Cameron, and pursuant to the Court's Order of May 9, 2007, submits the following status report regarding service of process to the Court:

1. The instant complaint was filed January 4, 2007, and as noted in the accompanying submission, the file-stamped copy of the first page was sent to the assigned office within the USPS;

2. That same week, counsel learned that his adult daughter's husband was gravely ill;

3. Counsel's daughter and her husband are domiciliaries of the state of Arkansas and substantial time and attention was spent supporting them; This occurred during the period when we were awaiting a reply from the previously forwarded complaint, as directed by the USPS;

4. After an arduous illness, followed by a falsely encouraging recovery, counsel's son-in-law expired but was revived on March 11th. During his period of

hospitalization thereafter, travel and support was again required;

5. Unfortunately, on March 21, 2007, after another encouraging "recovery," counsel's son-in-law passed away suddenly. Counsel left more or less immediately for the bereavement and burial period;

6. As noted in the parallel submission, counsel returned to Illinois in early April 2007 and forwarded the appropriate Notice of Lawsuit with the opportunity to voluntarily appear on the Defendant;

7. While that was pending, counsel's wife required medical attention and surgery April 17th at a teaching hospital in another state, and counsel, of course, accompanied her;

8. While that course of recovery was relatively uneventful, several different additional trips back to the out-of-state teaching facility were required and counsel returned to his office approximately May 4th;

9. On May 4th, it became apparent that the USPS had not sent either to the Court or counsel the voluntary appearance tendered them back in April;

10. The next week, counsel's daughter had an emergent matter in the State of Arkansas, related to the recent death of her husband, and your counsel left Illinois relatively quickly to attend to that. Upon counsel's return, counsel discovered the entry from this Court and the Court's kind invitation to show cause;

11. Counsel has arranged that USPS be served by Big River Investigations this date and makes the two submissions referenced herein to the Court;

12. Counsel respectfully submits to the Court that he can recall no 120-day period within his civilian life experience as personally stressful, demanding and unusual as

the previous 120 days.  It is simply never anticipated that one's 36 year old daughter will become a widow in short order.  As a consequence, to the extent counsel's failure to police the USPS' lack of cooperation in not sending back the substitute service notice constitutes neglect, we respectfully submit to the Court that is excusable neglect under extraordinary and arduous circumstances.

        Respectfully submitted,

        JAMES DEWELL, Plaintiff


        By: /s/ Anthony B. Cameron
            Anthony B. Cameron
            Attorney for Plaintiff


ANTHONY B. CAMERON - Illinois Bar 0374555
Attorney for Plaintiff
529 Hampshire Street - Suite 511
Quincy, IL  62301
Telephone:  (217) 228-8669
Telefax:     (217) 228-2225
Email:  dacamara@adams.net
Our File No. 07-103