E-FILED
Wednesday, 23 May, 2007  05:27:59 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES DEWELL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:07-cv-3003 |
| JOHN E. POTTER, POSTMASTER GENERAL, | ) |
| Defendant. | ) |

**STATUS REPORT**

Now comes Plaintiff, James Dewell, by his attorney, Anthony B. Cameron, and pursuant to the Court's Order of May 9, 2007, submits the following status report regarding service of process to the Court:

1. The instant cause was filed January 4, 2007, and the Court file does not currently show service;

2. As a consequence, the Court directed Plaintiff's counsel to provide both a status report and to show cause why the case should not be dismissed for failure to effect service within 120 days. The showing of cause will be submitted under separate cover;

3. The instant case was filed pursuant to a "Right to Sue" letter which follows a USPS/EEOC Administrative procedure which is both extensive and unique to itself, utterly unlike usual and customary EEOC procedure;

4. One of the directions for this particular administrative proceeding are substantially that the Plaintiff should simply provide a file-stamped copy of the first page of the Complaint to a certain department of the USPS and that the USPS will then take the

appropriate steps;

5. On or about January 11, 2007, a copy of same was sent to the USPS at the address designated;

6. The Plaintiff's attorney's office then monitored the file for a response for approximately two months. Nothing was heard either by way of appearance in the case or by way of reply correspondence to counsel;

7. On approximately April 1, 2007, Plaintiff's counsel began preparing a Notice of Lawsuit and Request for Waiver of Service of Summons;

8. On April 10, 2007, the Notice of Lawsuit was accompanied by a proper Waiver and return postage in the interest of judicial economy;

9. For reasons unknown to counsel, the USPS neither replied or refusing nor forwarded the Waiver to either the Court or counsel's office for proper filing within the file;

10. It was then and is now counsel's opinion that, because the USPS is an independent operation and not a true executive branch government agency, mere service upon the U.S. attorney is in adequate;

11. In any event, at the end of April, counsel realized that the USPS was going to be uncooperative but then had to leave town on personal emergency matters before making arrangements for a summons;

12. Counsel has now ordered an endorsed summons and made arrangements with Big River Investigations to serve summons and that task should be done today;

13. Counsel can think of no tactical advantage to either side based upon the timing of service;

14. As will be set forth in our submission showing cause, the delay from

Defendant's refusal to the current time is a result of unanticipated emergent and extraordinary difficult personal circumstances in counsel's life in all of 2007 and, if neglect at all, excusable neglect.

          Respectfully submitted,

          JAMES DEWELL, Plaintiff


          By: /s/ Anthony B. Cameron
              Anthony B. Cameron
              Attorney for Plaintiff


ANTHONY B. CAMERON - Illinois Bar 0374555
Attorney for Plaintiff
529 Hampshire Street - Suite 511
Quincy, IL  62301
Telephone:  (217) 228-8669
Telefax:     (217) 228-2225
Email:  dacamara@adams.net
Our File No. 07-103