UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES DEWELL, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:07-cv-3003 |
| ) | |
| JOHN E. POTTER, ) | |
| POSTMASTER GENERAL, ) | |
| ) | |
|     Defendant. ) | |

**MOTION FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE,
"PROVE-UP" HEARING OR, IN THE ALTERNATIVE, RULE 4
DIRECTION AND EXTENSION OF TIME**

Now comes the Plaintiff, James Dewell, by his attorney, Anthony B. Cameron, and for his Motion for Default Judgment or, in the Alternative, "Prove-Up" Hearing or, in the Alternative, Rule 4 Direction and Extension of Time, states:

1.  On January 4, 2007, Plaintiff filed a Complaint in the United States District Court for the Central District of the State of Illinois, Springfield Division, docket number 3:07-cv-3003;

2.  On approximately April 1, 2007, Plaintiff's counsel began preparing a Notice of Lawsuit and Request for Waiver of Service of Summons;

3.  On April 10, 2007, the Notice of Lawsuit was accompanied by a proper Waiver and return postage in the interest of judicial economy;

4.  The Plaintiff's attorney's office then monitored the file for a response for approximately two months. Nothing was heard either by way of appearance in the case or by way of reply correspondence to counsel;

5.  For reasons unknown to counsel, the USPS neither replied or refusing nor

forwarded the Waiver to either the Court or counsel's office for proper filing within the file;

6. On June 6, 2007, service of process was made upon an adult agent at the office of the Assistant Inspector General, Gateway Division, of the independent corporation USPS, in St. Louis, Missouri, by a duly licensed process server/private detective;

7. It was then and is now counsel's opinion that, because the USPS is an independent corporation and not a government agency, mere service upon the U.S. attorney is inadequate;

8. As soon as the service was physically returned by the process server, electronic evidence of the completion of service was forwarded to this Court;

9. Because attorneys and other personnel for USPS have been involved in the Administrative level of this matter from far reaching offices, including St. Louis, New Mexico, Chicago and Washington DC, counsel determined to wait until at least sixty days before taking any additional action;

10. Your Plaintiff seeks default judgment under FRCP 55(a) and (b)(2);

11. Plaintiff is aware of Rule 55(e) but, as noted above, believes this Defendant is an independent agency and not the "United States . . .;"

12. In the event this Court deems that this Motion seeks judgment against the "United States," then your Plaintiff asks for a hearing date and an opportunity to establish his claim and right to relief by evidence satisfactory to the Court;

13. Because the USPS professes to be an independent agency, as noted above, service has been made herein pursuant to FRCP 4, generally, and not the regular government attorneys, unaffiliated with the postal Service as described in Rule 4(i);

14. In the event this Court should deem that service under Rule 4(i) must take

place, then your Plaintiff asks for relief as set forth herein below;

WHEREFORE, your Plaintiff prays as follows:

A.  That default judgment be entered for Plaintiff and against Defendant Potter for restoration and all sums prayed for, subject to a subsequent prove-up; or, in the alternative

B.  In the event the Court deems this Defendant is the "United States," that this Court schedule a hearing where Plaintiff will present by evidence satisfactory to the Court that he is entitled to judgment and the relief sought in satisfaction of the provisions of FRCP 55(e); or, in the alternative

C.  In the event the Court deems service under Rule 4(i) is or was, in fact, required that the Court grant a reasonable additional time for counsel to perform service under FRCP 4(i), in addition to previous process service described above;

D.  And for such other and further relief as may be just and appropriate in the premises.

JAMES DEWELL, Plaintiff

By: /s/ Anthony B. Cameron
ANTHONY B. CAMERON,
His Attorney

ANTHONY B. CAMERON - Illinois Bar 0374555
Attorney for Plaintiff
529 Hampshire Street - Suite 511
Quincy, IL  62301
Telephone:  (217) 228-8669
Telefax:    (217) 228-2225
Our File No. 07-103