IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES DEWELL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-3003 |
| | ) | |
| JOHN E. POTTER, POSTMASTER GENERAL, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW,
IN SUPPORT OF MOTION TO DISMISS**

**Question Presented**

Whether there has been "insufficiency of service of process." Fed.R.Civ.P. 12(b)(5).

In this case, service of process required the following:

**Serving the United States, Its Agencies, Corporations, Officers, or Employees.**

   (1) Service upon the United States shall be effected

    (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

    (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

    (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

   (2)(A) Service on an agency or corporation of the United States, or an

      officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

      (B) Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States - - whether or not the officer or employee is sued also in an official capacity - - is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4(e), (f), or (g).

      (3) The court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve:

      (A) all persons required to be served in an action governed by Rule 4(i)(2)(A), if the plaintiff has served either the United States attorney or the Attorney General of the United States, or

      (B) the United States in an action governed by Rule 4(i)(2)(B), if the plaintiff has served an officer or employee of the United States sued in an individual capacity.

Fed.R.Civ.P. 4(i). See also 39 C.F.R. § 2.2 (providing public notice that the General Counsel of the Postal Service is the "agent for the receipt of legal process against the Postal Service..."). The address can simply be "General Counsel, United States Postal Service, Washington, D.C.," or can include "475 L'Enfant Plaza, S.W., Washington, D.C. 20260-1100." This information should be available at www.usps.gov.

      Quite simply, plaintiff Dewell could have completed each of the three steps within days after filing the Complaint, even allowing time for the delivery of registered or certified mail and the return of any receipt for this mail. Fed.R.Civ.P. 4(i)(1)(A-C). Instead, eleven months have passed, and plaintiff Dewell has completed only one of these three steps: service on the United

States Attorney. (Doc. 9) Plaintiff Dewell completed this one step in November, 2007, more than eleven months after filing the Complaint.

## The Court Record

On January 4, 2007, plaintiff James Dewell filed this employment discrimination claim against the Postmaster General, as his employer. (Doc. 1) In his Complaint, plaintiff Dewell described the United States Postal Service as "an independent agency of the Executive Branch of Government as provided by the Postal Reorganization Act." (Id., p. 2)[1]

Months passed. On May 9, 2007, after the 120-day period for service (Fed.R.Civ.P. 4(m)) had expired, the Court entered the following Text Order:

> TEXT ORDER by Magistrate Judge Byron G. Cudmore: Federal Rule of Civil Procedure 4(m) directs that a Plaintiff must serve a Defendant within 120 days of filing of the Complaint. The Court notes this Complaint was filed in the Central District of Illinois on 1/4/07 and that the court file does not reflect service upon Defendant. Plaintiff is directed to file a status report by 5/23/07 and to show cause why the case should not be dismissed for want of prosecution.

On May 23, 2007, plaintiff Dewell's counsel obtained summons and also filed a Response to Order to Show Cause and a Status Report. (Docs. 3-5) In the Response, counsel asserted that he came back to Illinois in April, 2007, after a death and an illness in the family, and sent the Waiver of Service forms to someone in the Postal Service. (Doc. 4, p. 2) In May, 2007, counsel noted that the Postal Service had not returned the Waiver.[2] (Id.) Counsel then arranged for a process server. (Id.)

---

[1] This statement is correct. It is almost a word-for-word quote of the United States Code and the Code of Federal Regulations. 39 U.S.C. § 201 ("an independent establishment of the executive branch of the Government"); 39 C.F.R. § 1.1 (same).

[2] The waiver provisions in Fed.R.Civ.P. 4(d) are not part of the process that is prescribed in Fed.R.Civ.P. 4(i) for the United States and its agencies and officers.

In the Status Report, counsel asserted as follows:

> 4.    One of the directions for this particular administrative proceeding are substantially that the Plaintiff should simply provide a file-stamped copy of the first page of the Complaint to a certain department of the USPS and that the USPS will then take the appropriate steps;[3]
>
> 5.    On or about January 11, 2007, a copy of the same was sent to the USPS at the address designated;
>
> 6.    The Plaintiff's attorney's office then monitored the file for a response for approximately two months. Nothing was heard either by way of appearance in the case or by way of reply correspondence to counsel;....

(Doc. 5, pp. 1-2) In the Status Report, counsel also asserted that "[i]t was then and is now counsel's opinion that, because the USPS is an independent operation and not a true executive branch government agency, mere service upon the U.S. attorney is in adequate (sic)." (Doc. 5, p. 2)

In June, 2007, plaintiff Dewell filed a Return of Service, allegedly on the Postmaster General, but actually on a person in Human Resources for the Postal Service on Market Street in St. Louis, Mo.[4] (Doc. 6) The Return of Service did not indicate what would be needed for a private individual: that this was served personally on the defendant, or that it was served at the Postmaster General's "usual place of abode," or that the person in St. Louis was "an agent authorized by appointment or law to receive service of process." Fed.R.Civ.P. 4(e)(2). Nor, of

---

[3] Plaintiff Dewell set forth his interpretation of "the directions for this particular administrative proceeding." (Doc. 5, p. 1) Those are not, of course, the directions for this litigation. Fed.R.Civ.P. 4(i).

[4] See 39 C.F.R. § 2.2 (General Counsel is agent for service of process).

course, did the Return indicate what was needed for a federal agency: "registered or certified mail to the officer or agency." Fed.R.Civ.P. 4(i)(1)(C).

Months passed. In September, 2007, the Court required plaintiff Dewell to proceed. Text Order, September 6, 2007. Plaintiff Dewell responded with a motion for default judgment, supported by points and authorities. (Docs. 7-8) Once again, plaintiff Dewell asserted that the Postal Service was "not a government agency." (Doc. 7, p. 2) Then plaintiff Dewell suggested that the Postal Service might actually be part of the federal government: "In the event this Court deems that this Motion seeks judgment against the 'United States....'" (Id.) For the first time, plaintiff Dewell mentioned Fed.R.Civ.P. 4(i):

> 13. Because the USPS professes to be an independent agency, as noted above, service has been made herein pursuant to FRCP 4, generally, and not the regular government attorneys, unaffiliated with the Postal Service as described in Rule 4(i);
>
> 14. In the event his Court should deem that service under Rule 4(i) must take place, then your Plaintiff asks for relief as set forth herein below;...
>
> C. In the event the Court deems service under Rule 4(i) is or was, in fact, required that the Court grant a reasonable additional time for counsel to perform service under FRCP 4(i), in addition to previous process service described above....

(Doc. 7, pp. 2-3) Thus, after seven and one-half months, plaintiff Dewell acknowledged that - - consistent with the allegations of the Complaint (Doc. 1, p. 2) - - he might be suing a federal agency. He also acknowledged that he might need to follow Fed.R.Civ.P. 4(i).

A few days later, on September 26, 2007, the Court confirmed that plaintiff Dewell did in fact have to follow Fed.R.Civ.P. 4(i):

> TEXT ORDER by Magistrate Judge Byron Cudmore: Plaintiff's Motion for Default Judgment 7 DENIED without prejudice. Plaintiff directed to serve Defendant in accordance with Rule 4(i).

Nothing happened, for more than five weeks. Then, on November 5, 2007, the Court entered another Text Order:

> TEXT ORDER by Magistrate Judge Byron Cudmore: Plaintiff directed to file a status report on or before 11/19/2007 regarding completion of proper service on Defendant.

Within two weeks, something happened, but it was not "completion of proper service." Plaintiff Dewell served the United States Attorney, on November 16, 2007, and filed a Status Report a few days later. (Docs. 9-10) This Status Report claimed that:

    1.    As noted before, both Notice/Waiver, then later Summons had been served upon this Defendant earlier;

    2.    During the days following the Court's ruling on our Motion for Default Judgment, counsel was out of the office due to illness of a family member;

    3.    The U.S. Attorney was served last week.[5]

(Doc. 10, p. 1)

## **Argument**

In this case, there has never been service on the named defendant; there was service on the United States Attorney, eleven months after filing the Complaint; and there has never been service on the Attorney General. This was - - and still is - - "insufficiency of service of process." Fed.R.Civ.P. 12(b)(5).

---

[5] The statement that the Postmaster General had been served through Human Resources in Missouri appeared incorrect, given Fed.R.Civ.P. 4(i) and 39 C.F.R. § 2.2; the statement that "days...out of the office" would explain the five to seven weeks of inaction after the September 26, 2007 Text Order also appeared incorrect; and the implication that service on the United States Attorney would complete service also appeared incorrect, given Fed.R.Civ.P. 4(i)(1)(B-C) (service on Attorney General and defendant is also required).

Plaintiff Dewell's attorney is an experienced attorney with a number of cases in this Court, including several with the United States and its agencies. Even experienced attorneys can nonetheless be imperfect, and there are, perhaps for that reason, certain standards that are expected. One standard is that the attorney should be familiar with the rules for service, if a case is filed, and should try to follow those rules. For example, Fed.R.Civ.P. 4(i) is the rule for **"Serving the United States, Its Agencies, Corporations, Officers, or Employees"** (bold in original), and it is clear that the attorney should have been expected to read or refer to this rule at the beginning of this case, if he did not already know this rule from prior litigation with the federal government; it is also clear that he should have been expected to read or refer to this rule as time went on without service and without response. For another example, the attorney should have been expected to check federal statutes and regulations, after he filed a Complaint that stated that the Postal Service was an independent agency of the federal government, then changed his mind and stated that it was not an agency. (Doc. 1, p. 2: Doc. 5, p. 2) If he had checked, he would have likely found 39 U.S.C. § 409(b):

> Unless otherwise provided in this title, the provisions of title 28 relating to service of process, venue, and limitations of time for bringing action in suits in which the United States, its officers, or employees are parties, and the rules of procedure adopted under title 28 for suits in which the United States, its officers, or employees are parties, shall apply in like manner to suits in which the Postal Service, its officers, or employees are parties.

For another example, the attorney referred to Fed.R.Civ.P. 4(i) in September, 2007 (Doc. 7, pp. 2-3) and had the Court specify that subsection (Text Order, September 26, 2007), thus the attorney should have been expected to take - - and complete - - <u>all</u> <u>the</u> <u>steps</u> to follow that rule before being prodded again by the Court in November, when he finally served the United States

Attorney, and thus finally began the time to answer. Fed.R.Civ.P. 12(a)(3)(A) (service on United States Attorney initiates time to answer).

That is, unfortunately, not the end of the matter as to service. Three steps are required, and plaintiff Dewell has completed only one. He still needs to follow the rule that he noted and that the Court specified in September, 2007: (1) "send...a copy of the summons and of the complaint by registered or certified mail to the officer or agency;" and (2) "send...a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia." Fed.R.Civ.P. 4(i)(1)(B-C).

For service, there is a 120-day standard, with more time if there is a court-ordered extension or if there is "good cause for the failure." Fed.R.Civ.P. 4(m). For service on the United States, there is also a "reasonable time" standard, _if_ the failure to complete service included _at_ _least_ service on the United States Attorney or Attorney General, or _if_ this was a suit in individual capacity and the federal official was served. Fed.R.Civ.P. 4(i)(3)(A-B) But this subsection does not apply: first, plaintiff Dewell did not serve the United States Attorney _or_ the Attorney General within 300 days, much less 120 days; second, the Postmaster General is sued in official capacity; and third, the Postmaster General has yet to be served.

To be precise, Fed.R.Civ.P. 4(m) has a phrase allows a court, in its discretion, to "direct that service be effected within a specified time," and has another phrase that requires a court to allow additional time if the plaintiff shows "good cause" for the failure. Panaras v. Liquid Carbonic Industries Corp., 94 F.3d 338, 339-341 (7th Cir. 1996). For the discretionary decision, the court should consider the statute of limitations, any effort to evade service or any

concealment of a defect in service. Id. at 341. The "statute of limitations does not require that a district court extend the time." Id. Instead, this is simply a factor to be considered. Id.

For the discretionary decision in this case, this Court has already extended the time for service, first in May, then in September and then again in November. The November extension anticipated "completion of proper service" in two weeks. Text Order, November 5, 2007. It is now seven months after the original discretionary extension in May, and a month and a half after the third discretionary extension in November. A fourth discretionary extension - - so that plaintiff Dewell might finally complete proper service on the Postmaster General and Attorney General, approximately one year after filing this case - - would be a bit much.

After Panaras, the Court of Appeals affirmed dismissals for inadequate service in Troxell v. Fedders of North America, Inc., 160 F.3d 381 (7th Cir. 1998); Blaney v. West, 209 F.3d 1027 (7th Cir. 2000); and Coleman v. Milwaukee Board of School Directors, 290 F.3d 932 (7th Cir. 2002). In Troxell, an employment discrimination claim, plaintiff's counsel sent a waiver of service, got no response, and then waited until 240 days after filing, before service. 160 F.3d at 382. Plaintiff pointed out that the statute of limitations had run, by the time of the district court's dismissal. Id. The Court of Appeals noted that the failure to serve in time was "unexcused," and affirmed the dismissal. Id. at 383.

> Perhaps this case will serve as a warning to lawyers to watch the time that has elapsed after they mail out a waiver form and to act promptly thereafter if the defendant proves uncooperative. Troxell's lawyer did not, and we hold that the district court did not abuse its discretion in refusing to grant her eleventh hour request for an extension of time.

Id. In Blaney, another employment discrimination claim, plaintiff's counsel timely served the federal employer, but not the United States Attorney or Attorney General. 209 F.3d at 1029.

9

When the United States Attorney's Office sent a letter about the inadequacy of this service, plaintiff's counsel ignored the letter and did nothing. Id. at 1030. The district court dismissed the claim, due to insufficient service. Id. Much later, after a second suit was dismissed because of the statute of limitations, plaintiff's counsel filed a Fed.R.Civ.P. 60(b)(4) motion in the first case, but lost, and the Court of Appeals affirmed the denial of this motion. Id. at 1030, 1032. In Coleman, another employment discrimination claim, plaintiff attempted service 115 days after filing "by leaving a copy of the complaint and summons with an employee of a subordinate unit of the Board," then tried service through another employee after the 120-day period had run. 290 F.3d at 933. The Court of Appeals, with a concurrence and a dissent, affirmed the dismissal. Id. at 935. The Court recognized that "most district judges probably would exercise lenity," since there was actual notice of the suit promptly, no apparent harm to the employer, and the statute of limitations had run. Id. at 934. However, this was not an abuse of discretion:

> The judge understandably was troubled by the fact that the plaintiff had delayed till almost the last minute in attempting service and then had failed not once but twice to serve the defendant in the manner prescribed by Rule 4(j)(2). The plaintiff's lawyer could not reasonably have believed that she was serving the president of the Board...or...the Superintendent of Schools when she attempted to serve an employee of the Board....In both attempts at service, the complaint and summons were deposited with employees in subordinate units of the Board....

Id. at 934-935.

In plaintiff Dewell's case, service was even more insufficient. Plaintiff Dewell has taken much longer than in Troxell. Plaintiff Dewell has ignored the Court's prodding in May, September and November, 2007, much as the plaintiff in Blaney ignored the United States Attorney's letter. Plaintiff Dewell tried to serve a subordinate in Missouri, many miles from the actual defendant. Coleman. And plaintiff Dewell's service is still quite incomplete, two months

10

after plaintiff Dewell mentioned and this Court specified the subsection of the rule: Fed.R.Civ.P. 4(i).

This should not be acceptable, given reasonable standards and reasonable expectations. The discretion has been exercised in May, September and November, 2007, and should be exhausted.  The lack of "good cause" should be clear. <u>Troxell</u>; <u>Blaney</u>; <u>Coleman</u>.

Plaintiff Dewell should have served the Complaint promptly, consistent with rules that "should be construed and administered to secure the just, speedy, and inexpensive determination of every action...." Fed.R.Civ.P. 1.  Instead he has already taken almost a year, has ignored this Court's repeated prodding, and has still completed only a fraction of this task.  This is "insufficiency of service." Fed.R.Civ.P. 12(b)(5).  Thus, the motion to dismiss should be granted.

    Respectfully submitted,
    RODGER A. HEATON
    United States Attorney

    s/ James A. Lewis

By:

    James A. Lewis, NC Bar No. 5470
    Attorney for Defendant
    United States Attorney's Office
    318 South Sixth Street
    Springfield, IL 62701
    Telephone: 217-492-4450
    Fax: 217-492-4888
    email: jim.lewis2@usdoj.gov

**CERTIFICATE OF SERVICE**

      The following persons were served with a copy of the foregoing electronically or by mailing them a copy.

                                       Anthony B. Cameron  
                                       Boatmen's Bank Building  
                                       529 Hampshire Street, Suite 511  
                                       Quincy, IL 62301

      December 21, 2007                          s/ James A. Lewis  
Date:_____    _____  
                                                                     James A. Lewis