**E-FILED**
Tuesday, 29 January, 2008  02:40:05 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JAMES DEWELL, Plaintiff,

v.                                                    Case No. 07-3003

JOHN E. POTTER, POSTMASTER
GENERAL,

       Defendant.

### PLAINTIFF'S MEMORANDUM OF LAW, <br> <u>IN OPPOSITION TO MOTION TO DISMISS</u>

Now comes the Plaintiff, James Dewell, by Anthony B. Cameron, his attorney, and for his Memorandum of Law in Opposition to Motion to Dismiss, states:

### Sequence of Events

On or about October 9, 2006, your Plaintiff received a "right to sue" letter with a return address and notice instructions.

Pursuant to the "right to sue" letter and within the time permitted by law, Plaintiff filed this lawsuit with this Honorable Court.

Almost immediately after the filing of the instant lawsuit did Plaintiff's counsel learned of, and thereafter, experienced the matters broadly referred to in Attachment B. As a consequence of those matters, counsel was out of his office, out of the State of Illinois, and in large measure, unable to attend to his daily required tasks until May 2007.

Realizing that service in the instant case had not yet been accomplished, counsel sent on April 10, 2007, the Waiver of Service form to the Postal Service at its service address.  It was not returned and there was no correspondence or other response.

Counsel then obtained summons through the process of this Court and had it served to the designated address, as given in the "right to sue" letter and accompanying documents. No appearance by Defendant followed.

When the Defendant did not respond to service at its own address, Plaintiff filed a Motion for Default Judgment.

This Court denied our motion and directed we proceed under Rule 4(i). A copy was forwarded to the United States Attorney by Certified Mail. Through inadvertence, the Attorney General was not served at the same time. To the extent the Defendant had not already been served, service on it by Certified Mail also was inadvertently omitted.

### The Initial Failure to Serve Arose
### from Truly Extraordinary Circumstances

As noted in our original progress report and again in Attachment B in much more detail, the first months of 2007 were extraordinary for assigned counsel. Still, we did provide the given address of the Defendant a tendered Waiver of Summons. Even in most distressed of circumstances, your Plaintiff's counsel did not ignore commencing the action.

At that stage, your Plaintiff's counsel was still taking seriously the word "independent" in the USPS charter.

### Service of Summons and the Address Designated
### for Service by Defendant Was a Reasonable Step

Unlike *Troxell v. Fedders of North America, Inc.,* 160 F.3d 381 (7th Cir. 1998), upon which the government seems to rely, your Plaintiff did not simply send out a Waiver and wait interminably. Your Plaintiff caused to be served a Summons, again, at the address used by Defendant. This alone, differentiates the case from *Troxell*. This case

2

was not one where your Plaintiff's counsel misapprehends the effect of the Waiver of Summons protocol which we understand and readily concede is a useful but voluntary method of beginning an action. This case is a great deal more like *Central States Pension v. Phencorp Reinsur.*, 440 F.3d 870 (7th Cir. 2006). Although *Central States* is factually complex and intermingles some discovery issues, our 7th Circuit ruled that where uncertainty as to the nature of the enterprise sought to be served existed, the District Court should be encouraged to afford additional time to complete service.

**There Was No Unfair Surprise or Lack of Actual Notice**

Attachment A is an Order of the Postal Service entered August 7, 2007, dismissing Mr. Dewell's internal appeal because he had filed a case in District Court. This was after Big River Investigations served the USPS. We add this information not to suggest there is anything inappropriate about the Order or to complain of that action, but, rather, to point out that the Postal Service not only received their summons, but acted upon it.

Certainly, such knowledge does not transmute insufficient service into sufficient service, but it does show the absence of surprise or prejudice by any delay brought about by our failure to send out the other two certified mail notices, in addition to the one that went to the U.S. Attorney.

**The Impact of Service Deficiencies Justifies Permissive Relief**

No one disputes service was had on the U.S. Attorney. Plaintiff's counsel, as mentioned by defense counsel in his remarks about our background and experience, has been in litigation with the United States of America before.

One can argue that we did, in fact, serve the USPS when the summons was served by process server at the designated address. It is not a good use of this Court's

time for us to persist in that argument because there is no dispute that we omitted to serve the Attorney General. This can be best described as Plaintiff's counsel's internal office oversight which your Plaintiff's counsel failed to "catch" on the service date.

Perhaps the best explanation of the parallel powers--permissive and "for cause"--of the Court regarding the extension of time for service is found at *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 339-341 (7th Cir. 1996). This case goes on to discuss the implications of extending service that the Court should consider in exercising its "permissive" power, irrespective of any showing of good cause. One of those items is, of course, determination of the case because the running of statutes or filing periods. That is, of course, the case in the instant cause.

We believe on the "permissive" analysis the Court may consider that Plaintiff had a legal theory about the independent nature of the USPS. Contrary to what opposing counsel suggests, no one on the Plaintiff's side was ignoring that Post is a government function.

*Panaras* takes into account the 1993 amendments of Rule 4 and lists the permissive extension factor with emphasis upon, **". . . that a case [so dismissed] cannot be resolved on the merits is a factor that must be given close attention"** (emphasis added).

Counsel, of even date herewith, has filed a motion to extend time a modest fourteen days to correct his inadvertent omission. The Defendant's only position with respect to any such extension is that it is "a bit much . . ." That must be balanced against the *Panaras* holding that a contrary ruling would prevent this case from being "resolved on the merits . . ."

4

Even if the permissive analysis does not yield an extension, the "good cause" analysis may. At every stage, your Plaintiff was active. Unlike *Troxell*, we did not simply sit and wait for our Waiver to be returned. We issued a Waiver tender. We served a Summons. We filed a Motion. We served the government and, there, we made a mistake/omission. In making its "good faith" analysis, the Court may consider the earnestness of our attempt and contrast the harshness of a result which deprives Plaintiff of a hearing on the merits.

Finally, the recent Illinois Supreme Court case of *Vision Point of Sale, Inc. v. Haas*, 226 Ill.2d 334 (2007), 875 N.E.2d 1065, while certainly not binding upon this Court, is instructive and persuasive authority. In *Vision Point*, a critical deadline was missed by an attorney. The error there could hardly be argued as excusable neglect and there was no tragic circumstances, as here, impacting the conduct of that case. The Court differentiated good cause attributed to the client/movant from good cause *viz* the attorney. In fact, the Court includes "mistake, inadvertence or attorney neglect . . ." as reasons why a <u>client</u> should get relief. This is an important break from the previous holding of *Bright v. Dickey*, 166, Ill.2d 204, (1995), where the agency relationship between client and attorney visited the impact of the sins of the lawyer upon the client.

### Counsel's Overview

Having been licensed before this Honorable Court since 1977 and practicing here with some regularity, the undersigned recognizes the importance of efficiency in this Court and the solemnity of the matters that come before it. It is now obvious to me in retrospect that my early thinking about service of process in the instant case was some combination of stubborn, narrow and overly theoretical. When the waiver of service was declined, I

should simply have served the Defendant both as a private corporation and as a government agency and we would not now be taking up this Court's valuable time with this issue.  On the substantive issue of failure to send out the other two certified mails, I clearly insufficiently supervised and insufficiently proofread the work of my own staff.  As noted elsewhere in these combined submissions and the matters sought to be filed under seal, 2007 was not the best year of my life or my practice.  Beyond that, I can offer no excuse for the service sequence in November/December 2007. The error was mine.  I urge the Court to apply the *Panaras* and *Vision Point* approaches and not cause my client to lose his opportunity to have his case heard on the merits based upon my errors.

WHEREFORE, your Plaintiff prays for such an order.

Respectfully submitted,

JAMES DEWELL, Plaintiff,

By:  /s/ Anthony B. Cameron
          Anthony B. Cameron,
          His Attorney

ANTHONY B. CAMERON - Illinois Bar 0374555
Attorney for Plaintiff
529 Hampshire Street - Suite 511
Quincy, IL  62301
Telephone:  (217) 228-8669
Telefax:   (217) 228-2225
Email:  dacamara@adams.net
Our File No. 07-103

## <u>CERTIFICATE OF SERVICE</u>

The following persons were served with a copy of the foregoing electronically or by mailing them a copy.

James A. Lewis
United States Attorney's Office
318 South Sixth Street
Springfield, IL 62701

Dated:  January 29, 2008


_____/s/ Anthony B. Cameron_____
Anthony B. Cameron



E-FILED
Tuesday, 29 January, 2008  02:42:33 PM
Clerk, U.S. District Court, ILCD

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P. O. Box 19848
Washington, D.C.  20036

James H. Dewell,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Appeal No. 0120070635

Agency No. 4J630001706

## DISMISSAL OF APPEAL

Complainant filed an appeal with this Commission from the October 2, 2006 final age[ncy]
decision finding no discrimination with regard to his complaint of unlawful employm[ent]
discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.[C.]
§ 2000e et seq. (Title VII), and Section 501 of the Rehabilitation Act of 1973, as amended[, 29]
U.S.C. § 791 et seq.( (Rehabilitation Act).    In his complaint, complainant clai[med]
discrimination based on sex (male) and disability (chronic low back pain) when the age[ncy]
issued him a notice of removal (during his probationary period) on November 17, 2005, [for]
failure to report an accident and for unsatisfactory performance.

On January 4, 2007, complainant filed a civil action (Civil Action No. 3:07-CV-3003) in [the]
United States District Court for the Central District of Illinois (Springfield Division). [The]
Complaint raises the same claims that were raised in his formal EEO complaint filed [on]
December 30, 2005. EEOC regulation 29 C.F.R. § 1614.409 provides that the filing of a [civil]
action "shall terminate Commission processing of the appeal."  The Commission's regulat[ions]
mandate dismissal of complainant's EEO appeal so as to prevent a complainant f[rom]
simultaneously pursuing both administrative and judicial remedies on the same mat[ter,]
wasting resources, creating the potential for inconsistent or conflicting decisions, and in o[rder]
to grant due deference to the authority of the federal district court.   See Stromgre[n v.]
Department of Veterans Affairs, EEOC Request No. 05891079 (May 7, 1990); Sand[ers v.]
Department of Justice, EEOC Appeal No. 01893513 (October 19, 1989); Kotwitz v. U[.S.]

## CONCLUSION

.ccordingly, complainant's appeal is hereby dismissed. *See* 29 C.F.R. § 1614.409.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

he Commission may, in its discretion, reconsider the decision in this case if the compla
r the agency submits a written request containing arguments or evidence which ter
stablish that:

1.    The appellate decision involved a clearly erroneous interpretation of mat
      fact or law; or

2.    The appellate decision will have a substantial impact on the policies, pract
      or operations of the agency.

equests to reconsider, with supporting statement or brief, must be filed with the Offic
ederal Operations (OFO) within thirty (30) calendar days of receipt of this decision or w
venty (20) calendar days of receipt of another party's timely request for reconsideration.
9 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.
art 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments mus
ıbmitted to the Director, Office of Federal Operations, Equal Employment Opportu
ommission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a leg
ostmark, the request to reconsider shall be deemed timely filed if it is received by mail w
ve days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604.
:quest or opposition must also include proof of service on the other party.

ailure to file within the time period will result in dismissal of your request for reconsidera
untimely, unless extenuating circumstances prevented the timely filing of the request.
pporting documentation must be submitted with your request for reconsideration.
ommission will consider requests for reconsideration filed after the deadline only in
mited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

ou have the right to file a civil action in an appropriate United States District Court wi
nety (90) calendar days from the date that you receive this decision. If you file a civil

onal organization, and not the local office, facility or department in which you work. [text cut off]

reconsider and also file a civil action, filing a civil action will termina[text cut off]
ninistrative processing of your complaint.

## RIGHT TO REQUEST COUNSEL (Z1199)

ou decide to file a civil action, and if you do not have or cannot afford the services [text cut off]
rney, you may request that the Court appoint an attorney to represent you and tha[text cut off]
urt permit you to file the action without payment of fees, costs, or other security. *See* [text cut off]
of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabili[text cut off]
of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the requ[text cut off]
hin the sole discretion of the Court. Filing a request for an attorney does not extend[text cut off]
e in which to file a civil action. Both the request and the civil action must be filed [text cut off]
time limits as stated in the paragraph above ("Right to File A Civil Action").

R THE COMMISSION:

*Carlton M. Hadden*

rlton M. Hadden, Director
fice of Federal Operations

2007

CERTIFICATE OF MAILING

imeliness purposes, the Commission will presume that
n five (5) calendar days after it was mailed. I certify tha
llowing recipients on the date below:

s H. Dewell
Hill and Brook
cy, IL  62305

ony B. Cameron, Esq.
Hampshire St
cy, IL  62301