IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES DEWELL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-3003 |
| | ) | |
| JOHN E. POTTER, POSTMASTER GENERAL, | ) ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW,
IN OPPOSITION TO MOTION TO EXTEND TIME TO COMPLETE SERVICE**

Defendant Postmaster General opposes plaintiff Dewell's motion to extend time to complete service (Doc. 16), for the reasons that have already been stated in defendant's memorandum of law in support of motion to dismiss (Doc. 12).

First, this Court has already given plaintiff Dewell three extensions of time to serve process, in May, September and November, 2007. In September, at the time of the second extension, this Court directed plaintiff Dewell's attention to Fed.R.Civ.P. 4(i); in November, at the time of the third extension, this Court made it clear that it expected "completion of proper service" by November 19, 2007. Plaintiff Dewell failed to provide a sufficient explanation (1) why he did not promptly follow the Rule that was specified in the second extension; (2) why he did not complete service by November 19, 2007, as required by the third extension; and (3) why he should need a fourth extension. Plaintiff Dewell failed to address the negative consequence of so many extensions, when other litigants choose to follow the Rules and choose to move their litigation forward. Plaintiff Dewell failed to address the consequence of giving him more than a year to do what others do within 120 days.

Second, plaintiff Dewell argued (Doc. 15, p. 5) that "the earnestness of our attempt" was a sufficient equivalent for good cause. Defendant has already discussed (Doc. 12, pp. 9-10) three cases from the Court of Appeals that held that lesser failures of service were <u>not</u> with good cause. Any earnest but repeatedly misguided attempt, in the face of this Court's specification of the Rule and this Court's setting November 19, 2007, as the date for completing service, is not good practice or good cause.

Third, plaintiff Dewell argues (Doc. 15, p. 5) that he wishes to have a decision on the merits of his claim. If he truly wished a decision on the claim, he should have served process more than a year ago, or after the first extension, or after the second extension, or after the third extension, without a fourth extension. If he truly wished a "just, speedy, and inexpensive determination," Fed.R.Civ.P. 1, he should have served process long ago.

Plaintiff Dewell wishes to have a decision that would hold the Postal Service fully accountable for its alleged wrongful action. But he wishes to avoid any accountability for his own wrongful action. There should be no such double standard. Plaintiff Dewell had an original opportunity to serve process within 120 days after filing the claim, and had three additional opportunities after the first, second and third extensions in May, September and November, 2007. He had plenty of time.

For these reasons, plaintiff Dewell's motion (Doc. 16) for a fourth extension of time, and a fifth opportunity to serve process, should be denied.

                Respectfully submitted,
                RODGER A. HEATON
                United States Attorney

                s/ James A. Lewis

By:

                James A. Lewis, NC Bar No. 5470
                Attorney for Defendant
                United States Attorney's Office
                318 South Sixth Street
                Springfield, IL 62701
                Telephone: 217-492-4450
                Fax: 217-492-4888
                email: jim.lewis2@usdoj.gov

## CERTIFICATE OF SERVICE

  The following persons were served with a copy of the foregoing electronically or by mailing them a copy.

           Anthony B. Cameron
           Boatmen's Bank Building
           529 Hampshire Street, Suite 511
           Quincy, IL 62301

   January 30, 2008         s/ James A. Lewis
Date:_____  _____
                   James A. Lewis