IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES DEWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 07-3003 |
| | ) |
| JOHN E. POTTER, | ) |
| POSTMASTER GENERAL, | ) |
| | ) |
| Defendant. | ) |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Defendant's motion to dismiss for insufficiency of service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).

On January 4, 2007, Plaintiff James Dewell filed his complaint wherein he alleged one count of discrimination based on the termination of his employment. In its motion to dismiss, the Government notes that although the United States Attorney was eventually served (eleven months after the complaint was filed), the Plaintiff has not affected service on the Attorney General or on the Postmaster General. The Government points

out that each of these three steps is required in order to maintain this action.  See Fed. R. Civ. P. 4(i)(1)(A-C).

The Government states that this case seems to show that counsel for the Plaintiff is unfamiliar with Rule 4(i), which addresses "**Serving the United States, Its Agencies, Corporations, Officers, or Employees**," even though counsel is an experienced attorney who has previously represented parties in federal court in actions involving the United States and its agencies.  However, the Government notes that in September 2007, counsel referred to and the Court specified Rule 4(i).  Moreover, the Court has on three occasions extended the time for service–first in May, then in September and then again in November.  Judge Cudmore's Text Order of November 5, 2007, anticipated completion of proper service by November 19.  The Government states that the Court should decline the Plaintiff's request for a fourth extension of time to complete proper service on the Postmaster General and Attorney General.

In the Plaintiff's response to the Government's motion to dismiss, counsel attributes the failure to complete service to certain "extraordinary"

2

personal circumstances, on which he elaborates in a subsequent filing. Counsel states, moreover, that he also "clearly insufficiently supervised and insufficiently proofread the work of [his] own staff," which partly explains why the Attorney General and Postmaster General were not served by certified mail. Counsel asks the Court to exercise its discretion by denying the motion to dismiss so that his client does not lose the opportunity to have his case heard on the merits because of his errors.

The Court understands that 2007 was, in his own words, "not the best year of [counsel's] life or [his] practice." This might explain the need for one or two extensions to complete service of process; however, every case eventually must proceed toward some resolution. Moreover, it appears that the failure to complete service is significantly attributable to counsel's failure to understand the relevant portion of Rule 4 (and/or the status of the Postal Service as a federal agency). Nonetheless, the Court will provide the Plaintiff with one more opportunity to complete service. The Plaintiff will need to complete service within the time directed by Judge Cudmore. Failure to do so will result in dismissal.

<u>Ergo</u>, the Government's motion pursuant to Federal Rule of Civil Procedure 12(b)(5) to dismiss [d/e 11] is DENIED.

ENTER: February 8, 2008

        FOR THE COURT:

                      s/Richard Mills
                      United States District Judge